UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DARRYL DESMOND BROWN, | § | |
| TDCJ #01829251, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-195 |
| | § | |
| BRAD LIVINGSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Darryl Desmond Brown filed this lawsuit while incarcerated at the Hughes Unit of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ") and brings claims regarding denied or delayed medical treatment. He proceeds *pro se* and *in forma pauperis*. At the Court's request, the Texas Attorney General submitted a *Martinez* report (Dkt. 22) attaching relevant records, and served Plaintiff with a copy. The Court converted the *Martinez* report to a summary judgment motion, and ordered Plaintiff to respond by March 31, 2018 (Dkt. 23). To date, Plaintiff has not filed a response. All documents mailed to Plaintiff from the Court since October 2017 have been returned as undeliverable (Dkt. 20, 24 & 25).

After reviewing all of the evidence submitted, the parties' briefing, and the applicable law, the Court concludes that Defendants are entitled to summary judgment and that this case must be **DISMISSED** for the reasons that follow.

I.  **BACKGROUND**

Brown brings suit against Brad Livingston, Executive Director of TDCJ, and Joseph Russell. He claims that a medical operation on his nose "should've taken place approx. April-28-15" (Dkt. 1, at 4), and that Defendants neglected his rights when it did not. He further claims that Defendants committed "medical abandonment" on April 14 and April 28, 2015, in connection with a CT scan and an "emergency operation" (*id*). Third, he claims that Defendants "endangered [his] life by deliberating and convincing each other to leave [Brown] as is after medication wears off," causing suffering and damaging Brown's nasal passages (*id*. at 4, 7). He seeks damages of $280,000.[1]

The Attorney General's *Martinez* report attaches TDCJ medical records; University of Texas Medical Branch ("UTMB") medical records; TDCJ patient liaison records; TDCJ grievance records; and an affidavit of Steven Bowers, M.D., Legal Coordinator for UTMB Correctional Managed Care. Dr. Bowers' affidavit provides a summary of Brown's medical records and attaches pertinent records as exhibits (Dkt. 22-5). On May 22, 2015, Brown had a CT scan that showed pansinus disease, which Dr. Bowers describes as "a condition in which all of the cavities surrounding the nasal passages are inflamed" (*id*. at 2). Brown was prescribed nasal spray and medication to treat the inflammation (*id*. at 2 & Exh. 2). He was scheduled for endoscopic sinus

---

[1] Brown's complaint attaches a Step Two administrative grievance dated June 8, 2015, which Brown filed with TDCJ regarding the medical treatment he expected on April 14 and 28, 2015 (*id.* at 5-6). TDCJ's response to the grievance states, among other things, that Brown had been seen by a nurse on May 5, 2015, and a medical provider on May 8, 2015. It further states that on June 9, 2015, Brown had signed a refusal for his scheduled appointment at Hospital Galveston for ear, nose, and throat ("ENT") treatment.

surgery in June 2015 at Hospital Galveston, but refused the surgery and was sent back to his TDCJ unit (*id*. at 2 & Exh. 3). On May 6, 2016, Brown had a nasal endoscopy at Hospital Galveston, which indicated a polyp (*id*. at 2 & Exh. 4). He had sinus CT scans on August 2 and 10, 2016, showing chronic sinus disease, and was scheduled for surgery on October 21, 2016 (*id*. at 2 & Exhs. 5 & 6). The surgery was canceled because Brown was released from TDCJ on September 16, 2016 (*id*. at 2).

Dr. Bowers also states that Joseph Russell, named as a Defendant in this action, was employed by UTMB as an ER technician.

## II. STANDARDS OF REVIEW

### A. The PLRA and *Pro Se* Pleadings

Because Plaintiff is an inmate proceeding *in forma pauperis*, the Court is required by the PLRA to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see* 42 U.S.C. § 1997e(c) (providing that the court "shall on its own motion or on the motion of a party dismiss an action brought with respect to prison conditions" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief"). An administrative report submitted by state officials pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (a "*Martinez* report"), is a tool to assist courts in making a determination of frivolity under 28 U.S.C. § 1915. *See Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997); *see*

*also Cay v. Estelle*, 789 F.2d 318, 323 & n.4 (5th Cir. 1986) (discussing the utility of a *Martinez* report).

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

  B. **Summary Judgment—Rule 56**

The Court has construed the *Martinez* report filed by the Attorney General's Office as a motion for summary judgment. Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A fact is

'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Id*. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id*.

In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted). However, the non-movant cannot avoid summary judgment simply by presenting "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty.*, 678 F.3d 344, 348 (5th Cir. 2012) (internal citation, alteration and quotation marks omitted); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Likewise, Rule 56 does not impose upon the Court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. Evidence not referred to in the response to the motion for summary judgment is not properly before the Court, even if it exists in the summary judgment record. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

Although Plaintiff is proceeding *pro se*, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992). Even a *pro se* plaintiff must specifically refer to evidence in the summary judgment record in order to place that evidence properly before the court. *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 217 & n.9 (5th Cir. 2016); *E.E.O.C. v.*

*Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) ("Despite our general willingness to construe pro se filings liberally, we still require *pro se* parties to fundamentally abide by the rules that govern the federal courts. *Pro se* litigants must properly . . . present summary judgment evidence") (internal citation and quotation marks omitted).

### III. DISCUSSION

Brown has not responded to the *Martinez* report, and has not provided the Court with a current address. All documents mailed to Plaintiff from the Court since October 2017 have been returned as undeliverable (Dkt. 20, 24 & 25). This Court's local rules require *pro se* litigants to provide the Court with an accurate, current address. *See* S.D. Tex. L.R. 83.4. In the Order granting him leave to proceed *in forma pauperis*, Brown was instructed to notify the Court in writing of any change of address and was warned that failure to comply "may result in this case being dismissed for want of prosecution" (Dkt. 4, at 2). Therefore, Brown appears to have abandoned his complaint.

The Court nevertheless will address the merits of the summary judgment motion. *See Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995). Summary judgment may not be awarded by default "simply because there is no opposition, even if the failure to oppose violated a local rule." *Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). However, a court may grant an unopposed summary judgment motion "if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (citation omitted).

### A. Official Immunity

To the extent Brown sues Defendants in their official capacity as state employees, Defendants are entitled to immunity under the Eleventh Amendment from claims for monetary damages. Unless expressly waived, the Eleventh Amendment bars an action in federal court by a citizen of a state against his or her own state. *See Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011); *Martinez v. Texas Dep't of Criminal Justice*, 300 F.3d 567, 573 (5th Cir. 2002). The Eleventh Amendment bars a suit for money damages against TDCJ and UTMB, as state agencies, under 42 U.S.C. § 1983. *Oliver v. Scott*, 276 F.3d 736, 742 & n.5 (5th Cir. 2002). The Eleventh Amendment also bars a suit for money damages against state employees acting in their official capacity. *Id*.

Because both of the individual defendants in this case are sued for actions taken during the course of their employment with TDCJ or UTMB, the claims against them in their official capacity as state employees are barred by the Eleventh Amendment. Accordingly, Defendants are entitled to summary judgment on this issue.

### B. Eighth Amendment Claims

Brown alleges that he did not receive a CT scan and ENT surgery in April 2015. Section 1983, 42 U.S.C. § 1983, provides a vehicle for a claim against a person "acting under color of state law," such as a state prison official, for an unconstitutional denial of medical care. See *Pratt v. Harris Cnty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016) (internal quotation marks and citation omitted); *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002). Because Brown was, at all relevant times, a convicted felon in state prison, his

claims are governed by the Eighth Amendment prohibition of "cruel and unusual" conditions of confinement. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *see Helling v. McKinney*, 509 U.S. 25, 33 (1993) (the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety'").

To prevail on his Eighth Amendment claim, Plaintiff must demonstrate that Defendants exhibited "deliberate indifference" to his "serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (internal citations and quotation marks omitted); *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference is an "extremely high standard." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It requires "more than an allegation of mere negligence, but less than an allegation of purpose or knowledge." *Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015). "The mere delay of medical care can also constitute an Eighth Amendment violation but only 'if there has been deliberate indifference [that] results in substantial harm.'" *Easter*, 467 F.3d at 463 (quoting *Mendoza v. Lynaugh*, 989 F.2d 191. 193 (5th Cir. 1993)).

The Eighth Amendment standard has both an objective and subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the prisoner must show "objective exposure to a substantial risk of serious harm." *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). Second, he must show that the defendant acted, or failed to act, with deliberate indifference to the risk. *Id*. "A prison official acts with deliberate indifference 'only if [(A)] he knows that inmates face a substantial risk of serious bodily

harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it.'" *Id.* at 346 (quoting *Farmer*, 511 U.S. at 847).

1. **Claims against Joseph**

Brown brings claims against Defendant Joseph, a medical technician. His complaint alleges that he did not receive the care he expected on April 14 and 28, 2015. He attaches a grievance that refers to care he received on May 5 and 8, 2015, as well as a June 2015 appointment that Brown apparently refused. The *Martinez* report further documents ENT care that Brown received in May and June 2015, as well as in 2016. Brown has not responded to the *Martinez* report and does not present any evidence to contradict these medical records.

Because the records presented by the parties demonstrate that Brown received medical care for his ENT condition, his claim that he was denied medical treatment in violation of the Eighth Amendment is without merit. *See Varnardo v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991); *McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990) (upholding the dismissal of a deliberate indifference claim where medical records documented that the prisoner was not denied medical attention). Brown may disagree with the level of care that he was provided, but an inmate's mere disagreement with medical treatment does not constitute deliberate indifference absent exceptional circumstances. *See Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013); *Estelle*, 429 U.S. at 107 (explaining that the decision whether to provide a particular type of treatment "is a classic example of a matter for medical judgment"). Even if Brown could establish medical malpractice or negligence, such a showing would be insufficient to establish deliberate indifference or a

violation of the Eighth Amendment. *See Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

To the extent that Brown contends that his access to care was delayed, he does not show that he suffered substantial harm as a result of the delay. *See Rogers*, 709 F.3d at 410 (noting that "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that *results in substantial harm*") (emphasis in original) (alteration omitted). Furthermore, he has not shown that any such harm was attributable to Joseph.

Summary judgment is granted for Defendant Joseph.

### 2. Claims against Director Livingston

Brown alleges that Director Livingston denied him medical care. To the extent Brown alleges claims against Livingston in his supervisory capacity, he fails to state a claim upon which relief can be granted. It is well established that a supervisory official is not liable under Section 1983 for the actions of subordinates on any theory of vicarious liability. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978) (holding that supervisory officials cannot be held vicariously liable for their subordinates' actions under Section 1983); *see Iqbal*, 556 U.S. at 677 ("'[S]upervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"); *Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999) ("Supervisory officers . . . cannot be held liable under § 1983 for the actions of subordinates . . . on any theory of vicarious liability."). Supervisory officials can be held liable under Section 1983 only if the plaintiff demonstrates (1) the

supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the deprivation. *See Evett v. Deep East Tex. Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003).

Brown appears to allege in his complaint that Director Livingston was personally involved in the decisions regarding his medical care (Dkt. 1, at 4), but alleges no specific facts regarding Livingston's conduct. In any event, as held above regarding Defendant Joseph, none of Brown's claims in this lawsuit rise to the level of an Eighth Amendment violation. *See Easter*, 467 F.3d at 463.

Summary judgment is granted for Defendant Livingston.

### C. Qualified Immunity

Because Plaintiff has not shown a constitutional violation, the Court need not address whether Defendants are entitled to qualified immunity. *See Estate of Henson v. Wichita Cty, Tex.*, 795 F.3d 456, 462 (5th Cir. 2015).

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Defendants' motion for summary judgment (Dkt. 22) is **GRANTED**.

2. The complaint filed by Plaintiff Darryl Desmond Brown is **DISMISSED with prejudice**.

The Clerk will provide a copy of this order to Plaintiff and to *amicus* counsel of record for the Defendants.

SIGNED at Galveston, Texas, this 30th day of April, 2018.

_____
George C. Hanks Jr.
United States District Judge